**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4607**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

ALFREDO HERNANDEZ NUNEZ, a/k/a Alfredo Nunez Henandez,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (4:03-cr-70042-JLK-4)

Submitted: February 19, 2015        Decided: March 4, 2015

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Anthony P. Giorno, First Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfredo Hernandez Nunez appeals the thirty-month sentence imposed following the revocation of his supervised release term. On appeal, Nunez challenges both the procedural and substantive reasonableness of his sentence. Finding no error, plain or otherwise, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable, employing the same general considerations applied during review of original sentences. Id. at 438. In this initial inquiry, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). If we find the sentence unreasonable, we then must determine whether it is "plainly" so. Id. at 657.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18

2

U.S.C. § 3553(a) (2012) factors applicable to the supervised release revocation context, see 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439, and provided sufficient explanation for the sentence imposed, see United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).  While a district court must explain its sentence, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence."  Thompson, 595 F.3d at 547.  A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440.

On appeal, Nunez asserts that the district court's explanation for the sentence was inadequate to support the upward variance sentence it imposed.  He also argues that the circumstances of the release violations and Nunez's criminal history were an inadequate basis for imposing an upward variance sentence that was run consecutively to the state and federal sentences imposed for the crimes underlying his release violations.

We find these arguments unpersuasive.  The court's statements clearly express concern for Nunez's pattern of criminal behavior, his failure to be deterred by prior sentences and removal proceedings, and the likelihood that he would

3

reoffend. The court did not abuse its discretion in imposing an upward variance sentence on this basis. Moreover, while Nunez challenges the reasonableness of the court's decision to run his sentence consecutively to his other sentences, we conclude that this decision is reasonable. See USSG § 7B1.3(f), p.s.; United States v. Johnson, 640 F.3d 195, 208 (6th Cir. 2011).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED